ATTORNEY-CLIENT PRIVILEGED
ATTORNEY WORK PRODUCT
CONFIDENTIAL DRAFT

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>            v.<br><br>TRUSTEES OF BOSTON UNIVERSITY,<br><br>      Defendant. | Civil Action No. 1:24-cv-10619-FDS |

**ASSENTED-TO MOTION TO FILE
DEFENDANTS' MOTION TO COMPEL UNDER SEAL**

Defendant Trustees of Boston University ("BU") respectfully moves for leave to file under seal its Motion to Compel Production of Unredacted Journal Entries and certain supporting exhibits thereto. The motion and exhibits quote from, describe, and attach discovery material that has been designated or deemed "Confidential Information," including portions of Doe's journal and deposition transcript, and therefore, pursuant to the Protective Order entered in this matter, should not be filed on the public docket absent leave of Court.

As grounds for this motion, BU states as follows:

1.      On February 7, 2025, the Court entered a Protective Order governing the disclosure and use of Confidential Information produced in discovery in this action. Dkt. No. 46.

2.      The Protective Order defines "Confidential Information" to include, among other things, personally sensitive information and information containing Doe's identity.

3.      BU intends to file a motion to compel seeking disclosure of redacted portions of Doe's personal journal. The Court set today, June 3, 2026, as the deadline for filing of the motion to compel.

1

ATTORNEY-CLIENT PRIVILEGED
ATTORNEY WORK PRODUCT
CONFIDENTIAL DRAFT

4.    The journal entries at issue in BU's motion contain personal information, and the deposition transcript excerpts discussing those materials have been designated as Confidential Information under the Protective Order.

5.    The Protective Order provides that discovery material designated as Confidential Information may not be filed on the Court's public docket unless the filing party files a motion to impound pursuant to Local Rule 7.2 and/or a motion to seal pursuant to Local Rule 83.6.11, the parties agree to waive confidentiality, the parties agree to redactions, or the designation is removed by the Court.

6.    BU has conferred with Doe regarding the filing of these materials, and Doe assents to the relief requested herein.

7.    Good cause exists to seal the motion and exhibits because these materials contain nonpublic discovery material protected by the Court's Protective Order.

8.    Sealing is narrowly tailored here because BU seeks only to protect those filings and exhibits that quote from, characterize, or attach Confidential Information, while avoiding unnecessary public disclosure of the information the Protective Order was designed to protect.

WHEREFORE, BU respectfully requests that the Court permit BU to file under seal its Motion to Compel Production of Unredacted Journal Entries, together with the supporting exhibits containing Confidential Information. To the extent feasible, BU will file on the public docket a redacted version of its motion and supporting papers consistent with the Protective Order.

Respectfully submitted,

2

ATTORNEY-CLIENT PRIVILEGED
ATTORNEY WORK PRODUCT
CONFIDENTIAL DRAFT

TRUSTEES OF BOSTON UNIVERSITY,

By their attorneys,

/s/ *Victoria L. Steinberg*
Victoria L. Steinberg (BBO No. 666482)
vsteinberg@clohertysteinberg.com
Alexandra Arnold (BBO No. 706208)
aarnold@clohertysteinberg.com
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, MA 02111
(617) 481-0160

Dated: June 3, 2026

## CERTIFICATE OF COMPLIANCE WITH RULE 7.1

I hereby certify that counsel for BU conferred with counsel for Doe regarding the subject of this motion and that Doe assents to the relief requested herein.

/s/ *Victoria L. Steinberg*
Victoria L. Steinberg

## CERTIFICATE OF SERVICE

I hereby certify that this document was served electronically upon all counsel of record filing through the ECF system on June 3, 2026.

/s/ *Victoria L. Steinberg*
Victoria L. Steinberg

3